IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ANTONIO HERNANDEZ-GATO, ET AL., <br><br>**Plaintiffs**, <br><br> v. <br><br> MAPRE PRAICO INSURANCE COMPANY, ET AL., <br><br> **Defendants.** | **CIVIL NO. 20-1391 (RAM)** <br><br> (LEAD CASE) |
| IDANIA SALOME GATO-SECO, ET AL., <br><br> **Plaintiffs**, <br><br> v. <br><br> MICHAEL LEWIS REESE ROWLES, GRACE MAE REESE, <br><br> **Defendants.** | **CIVIL NO. 20-1447** <br><br> (MEMBER CASE) |

## MEMORANDUM AND ORDER

RAÚL M. ARIAS-MARXUACH, United States District Judge

On August 30, 2019, Plaintiff Idania Salomé Gato-Seco ("Mrs. Gato") fell from her apartment's first floor balcony when the left side railing of the balcony (the "Subject Railing") detached from its base. This consolidated case, brought by Mrs. Gato, her husband, and her children, is set for trial in October. Currently

pending before the Court is Codefendants Michael Lewis Reese Rowles, Grace Mae Reese (together, the "Reese Defendants"), and Cooperativa de Seguros Múltiples' ("CSM" and, together with the Reese Defendants, the "Moving Defendants") *Motion in Limine*. (Docket No. 76). The Moving Defendants request that the Court exclude parts of the testimony of Diana Estrada ("Ms. Estrada") from trial. Ms. Estrada is the expert for codefendants Asociación de Propietarios Town Village ("Town Village"), and its insurer, MAPFRE PRAICO Insurance Company ("MAPFRE" and, together with Town Village, the "Nonmoving Defendants"). The Moving Defendants contend Ms. Estrada's expert report is not based on reliable principles and methods, and thus her testimony must be excluded regarding: (a) her observations and perceptions as to the existence of corrosion of the Subject Railing and (b) how a lay person would observe or perceive the existence of corrosion of the Subject Railing. (Docket No. 102 at 5). For the reasons set forth below, this request is **GRANTED IN PART AND DENIED IN PART**.

### I.   APPLICABLE LAW

Rule 702 of the Federal Rules of Evidence states that:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> > (a)  the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand

                the evidence or to determine a fact in issue;

    (b)    the testimony is based on sufficient facts or data;

    (c)    the testimony is the product of reliable principles and methods; and

    (d)    the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

## II.  ANALYSIS

**A. Testimony Regarding Ms. Estrada's Own Perception of Corrosion**

The Moving Defendants first seek to exclude Ms. Estrada's testimony regarding her own perception of rust and corrosion on the Subject Railing, arguing that her conclusions are not the product of reliable principles and methods. (Docket No. 76 at 9). The Court disagrees. Ms. Estrada and her team at Engineering Systems Inc. ("ESi") collected a series of photographs of the Subject Railing at various points in time and studied them for signs of rust and corrosion. This primarily involved reviewing the photographs digitally and zooming in and out as needed to understand the state of the Subject Railing. (Docket No. 76-2 at 11). Ms. Estrada's expert report lists the precise photographs she used to reach her conclusions. (Docket No. 76-1 at 3). Additionally, another ESi engineer, Hernan Mercado, traveled to Puerto Rico in October 2021 and took additional photos of the

exterior of the building and the general area where the accident at the heart of this litigation occurred. (Id.; Docket No. 76-2 at 16). Given Ms. Estrada's expertise and qualifications in this type of analysis – which the Moving Defendants do not challenge – the Court finds her methods sufficiently reliable.

The Moving Defendants take particular issue with Ms. Estrada's failure to inspect the Subject Railing or the balcony in person and her reliance on certain pictures that were admittedly low-quality. (Docket No. 76 at 9). However, these issues go to the *weight* of Ms. Estrada's testimony, not its *admissibility*. See United States v. Vargas, 471 F.3d 255, 264 (1st Cir. 2006) (finding that expert's reliance on a faxed image of fingerprints rather than the original print "goes to the weight, not the admissibility, of [the expert's] testimony"). The First Circuit has repeatedly held that, "[a]s long as an expert's scientific testimony rests upon good grounds, based on what is known, it should be tested by the adversary process – competing expert testimony and active cross-examination – rather than excluded from jurors' scrutiny for fear that they will not . . . satisfactorily weigh its inadequacies." Ruiz-Troche v. Pepsi Cola of Puerto Rico Bottling Co., 161 F.3d 77, 85 (1st Cir. 1998) (internal quotation marks and citations omitted). Thus, **Ms. Estrada may testify at trial regarding her perception of the deterioration of the Subject Railing.**

### B. Testimony Regarding A Lay Person's Perception and Understanding of Corrosion

The Moving Defendants also challenge Ms. Estrada's ability to testify "as to whether a lay person observing a slight rust staining would conclude that there was a problem of corrosion with the Subject Railing." (Docket No. 76 at 9). They point specifically to Ms. Estrada's admission that she was not retained to speak about conspicuity or human factors. Id. The Court notes that Ms. Estrada stated repeatedly during her deposition that she is not a human factors or conspicuity expert, and counsel for the Nonmoving Defendants even admitted as much. (Docket No. 76-2 at 49). In fact, counsel for the Nonmoving Defendants objected to a question on this topic as "speculative." Id. at 47. Nonetheless, during her deposition, Ms. Estrada said she did believe a lay person could observe the rust staining on the Subject Railing and understand there was a corrosion problem. Id. at 46, 51.

Having reviewed the arguments and Ms. Estrada's deposition testimony in its entirety, **the Court will bar Ms. Estrada from testifying regarding a lay person's ability to perceive and understand the implications of rust on the Subject Railing**. Expert testimony is unnecessary "if all the primary facts can be accurately and intelligibly described to the jury, and if they . . . are as capable of comprehending the primary facts and of drawing correct conclusions from them as are witnesses possessed

of special or peculiar training, experience, or observation in respect of the subject under investigation." Salem v. U.S. Lines Co., 370 U.S. 31, 35 (1962). In other words, "[c]ourts must guard against invading the province of the jury on a question which the jury was entirely capable of answering without the benefit of expert opinion." Hirchak v. W.W. Grainger, Inc., 980 F.3d 605, 609 (8th Cir. 2020) (internal quotation marks and citation omitted). This "safeguards against the risk that the jury might defer to the expert simply because of the expert's expertise in other areas." Id.

Simply put, the Court does not see how Ms. Estrada's testimony on this point would be both reliable and helpful to the jury when they could be shown the same pictures Ms. Estrada used to come to her expert conclusions and determine for themselves if a lay person could both perceive the rust on the Subject Railing and understand that there may be a corrosion problem. Courts around the country have excluded expert testimony on similar grounds. *See, e.g.*, Jones v. Beelman Truck Co., 2015 WL 3620651, at *7 (E.D. Mo. 2015) (excluding expert opinion regarding dirt on a headlamp based on a photograph because a "jury is as capable as [the expert] of viewing a photograph and noting the presence of dirt on the windshield and headlamps"); *see also* Rios v. Ramage, 2021 WL 2255050, at *3 (D. Kan. 2021) (excluding expert testimony regarding the amount of lighting based on the time of day an accident occurred because

"lighting just after sunset is within the understanding of lay witnesses and jurors" and the expert "specifically testified he was 'not a conspicuity expert'"); Barillas v. City of Los Angeles, 2021 WL 4434977, at *9 (C.D. Cal. 2021) (excluding expert testimony about person's hand position at the time of a shooting based on what the expert could see in a video because "the jury is more than capable of [interpreting the video evidence] without an expert's help").

In summary, in lieu of Ms. Estrada's proposed testimony concerning a lay person's ability to perceive and understand the implications of rust on the Subject Railing, the parties can present the photos and any other evidence of rust or corrosion directly to the jury. Expert testimony is not necessary on this subject, and, even if it was, Ms. Estrada has admitted she is not the correct expert to provide it.

### III. CONCLUSION

For the foregoing reasons, the *Motion in Limine* at Docket No. 76 is **GRANTED IN PART AND DENIED IN PART**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 2nd day of September 2022.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge